IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DANIEL RAY JAMES, | ) | 4:10CV3141 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff Daniel Ray James' motion to substitute party. (Filing 27.) For the reasons discussed below, plaintiff's counsel shall have 10 days to supplement the record with sufficient information for the court to conclude that Paris Lee James is the proper party to pursue plaintiff's disability benefits claims.

On March 21, 2011, plaintiff's counsel filed a motion to substitute party. (Filing 27.) In this motion, plaintiff's counsel seeks to substitute Paris Lee James, plaintiff's surviving spouse, as the plaintiff in this matter. (*Id*.) In support of this motion, Plaintiff's counsel has attached a death certificate confirming that plaintiff died on March 10, 2011. (*Id*.)

Federal Rule of Civil Procedure 25 provides that:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. Pro. 25(a)(1). Plaintiff's disability insurance benefits claims survive his death. *See, e.g., Fowler v. Astrue*, No. 8:09-CV-1368-T-27MAP, 2010 WL 454765

(M.D. Fla. Feb. 9, 2010) (concluding that plaintiff's disability insurance benefit claims survived his death). However, the question before the court is whether Paris Lee James is the proper party to pursue plaintiff's disability benefits claims.

The disbursement of any disability benefit payments due at the time of a claimant's death is governed by 42 U.S.C. § 404(d). Pursuant to § 404(d)(1), any payment of an amount due would be made first to plaintiff's surviving spouse who was either living in the same household with plaintiff at the time of his death, or entitled to a monthly benefit on the basis of the same earnings record as was plaintiff for the month in which plaintiff died. *See also* 20 C.F.R. § 404.503(b)(1). Plaintiff's counsel has offered no evidence to show that Paris Lee James was married to plaintiff or that she would be entitled to disbursement of any disability benefit payments pursuant to § 404(d).

Accordingly,

IT IS ORDERED that plaintiff's counsel shall have 10 days to supplement the record with sufficient information for the court to conclude that Paris Lee James is the proper party to proceed with plaintiff's disability benefits claims.

DATED this 10th day of May, 2011.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.